WESTERN COAL & MINING COMPANY *v.* BUCHANAN.

Opinion delivered November 9, 1908.

1. PLEADING—AMENDMENT TO CONFORM TO EVIDENCE.—Under Kirby's Digest, § 6140, providing that "no variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense on the merits," where a complaint was without objection treated on a former trial as amended to conform to the proof adduced by plaintiff, the defendant on a second trial cannot object to the evidence as being without the issues if he makes no demand that the pleadings be conformed to the evidence in the first trial. (Page 9.)

2. APPEAL AND ERROR—HARMLESS ERROR.—The admission of harmless evidence is not reversible error. (Page 10.)

3. INSTRUCTION—SINGLING OUT EVIDENCE.—It was not error to refuse to charge the jury as to the force which should be given to a part of the evidence. (Page 10.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*Ira D. Oglesby,* for appellant.

1. The question of inspection and what Korkille said and did with regard thereto was not an issue, and it was error to admit testimony and to instruct the jury on that point; also to

refuse the instructions asked by appellant touching that question. 90 S. W. 300. The court's instruction clearly made the negligent inspection an issue and authorized the jury to base its verdict upon that ground of negligence. Not only should such instructions requested by appellant eliminating the question of inspection not have been given, but the court should have given improper or negligent inspection made by Korkille as negligence on which recovery could be based.

2. The 9th instruction requested by appellant should have been given. There was testimony to the effect that the facts set out in this instruction were all that took place with regard to furnishing the safety lamp and the purpose for which furnished. If it was furnished under the conditions recited, then, as a matter of law, no authority was conferred upon Korkille to act as fire boss; he was not a vice principal, nor authorized to make inspection, and his negligence was not that of appellant.

*Sam R. Chew,* for appellee.

1. It was appellant's duty to furnish a reasonably safe place in which to work, and to exercise reasonable care to see that it was kept in that condition. 48 Ark. 333; 82 Ark. 499. If the allegation of negligent inspection by Korkille was necessary, then the complaint will be treated as amended, so as to include this allegation. The law provides that no variance between allegation and proof will be deemed material, unless the opposite party has been misled thereby. Kirby's Dig. § 6140. The burden would in such case be upon the opposite party to show that he was misled. On former appeal the court found that there were sufficient facts to go to the jury on the theory that the pit-boss delegated to Korkille the duty of inspecting for gas. Appellant was not misled. 82 Ark. 499.

2. The instructions as a whole cover every phase of the case, and correctly state the law applicable to the facts, and all questions raised here were raised on former appeal. *Id.*

BATTLE, J. This action was brought by J. L. Buchanan against the Western Coal & Mining Company. There have been two trials in the action. In the first the plaintiff recovered judgment, and the defendant appealed to this court, and the judgment was set aside, and the cause was remanded for a new trial. The statement of facts in the case and opinion of the court

are reported in 82 Ark. 499 *(Western Coal & Mining Co.* v. *Buchanan).* In the second trial the plaintiff again recovered judgment, and the defendant appealed. The main and leading facts shown in the two trials are substantially the same. The statement and opinion in *Western Coal & Mining Company* v. *Buchanan,* 82 Ark. 499, in connection with the facts stated herein, we think, will be sufficient to make this opinion intelligible.

The first question presented by appellant in its brief is as follows: Plaintiff "sought to hold defendant liable on the theory that Korkille was on this occasion fire boss, and as such negligently examined the place where the accident occurred, and as the result of such negligence in examining it pronounced it free of gas, when it was not, by reason of which inspection and assurance of Korkille that the place was free of gas plaintiff entered it with an open light and exploded the gas. Defendant at every stage of the case challenged the right of plaintiff to recover upon this theory of negligence, objected to the testimony when offered in support of same, moved its exclusion at the end of plaintiff's case and at the close of the case, because no such issue was raised by the pleadings. There are no allegations in the complaint authorizing the trial of the issue as to whether Korkille was, for the time being, fire boss, or whether there was negligent inspection of the place where the accident occurred. When defendant challenged the right of plaintiff to inject this issue into the case and protested against the testimony offered in support of it, plaintiff did not ask to amend his complaint, so as to incorporate that issue. Defendant having objected to the testimony at all stages and excepted to the instructions of the court, plaintiff cannot claim that the pleadings can be considered as amended to conform to the testimony. * * * * Defendant had no notice from the complaint that this was an issue, or that it would be called upon to meet such alleged negligence."

The issue here stated by appellant was raised in the first trial by the evidence. Both parties treated it as an issue in the case, outside of the pleading, by the introduction of evidence by the plaintiff to prove the affirmative and by the defendant the negative. Both parties waived the incorporation of it, by writing, into the pleadings; and all parties and the trial and appellate courts treated the pleadings as amended to conform to the evi-

dence. With the waiver still in force, and no effort to withdraw it, and no demand that the issue should be in writing, and with the pleadings amended to conform to the evidence in the first trial, the parties entered the second. It was thereafter too late for appellant to seek to set aside the issues as settled by the first trial. The plaintiff then had the right to treat them as settled, as indicated. Under the circumstances the defendant could not have been misled, and under the statute had no right to complain, and no cause for reversal. Kirby's Digest, § 6140.

In the second trial plaintiff testified in his own behalf. He had made a statement in writing of the facts of the case before the trial. In this statement, after saying that the fire boss, in pursuance of the direction of the pit boss, gave to Korkille a safety lamp when he and plaintiff were on their way to the place where the accident afterwards occurred to do work, he said: "I told Korkille that if there was gas enough to need a safety we ought to have the fire boss go and look after it. He (Korkille) said he could adjust the gas as good as the fire boss." Defendant undertook to impeach him (plaintiff) by the introduction of this statement, with the two last sentences, commencing with and including the words "I told Korkille," stricken out, and the court refused to allow him to do so, but permitted him to introduce the whole statement as written, which he did. Appellant insists that the court erred in refusing to allow him to introduce the part of the statement that he offered, without the other. We understand that the part of the statement defendant sought to withhold was not contradictory of the testimony of plaintiff, and was not admissible as impeaching evidence. But we do not think that its admission was prejudicial. It did not tend to prove that there was any gas in the place where the accident occurred, or that Korkille was authorized to act as fire boss or was guilty of negligence, nor add to the probative force of the other evidence adduced in the trial.

The defendant asked and the court refused to instruct the jury as follows:

"9. If the jury believes from the evidence that the place where the explosion occurred had been abandoned as a working place, leaving at the time in it a part of the pit track; that, after being so abandoned, if it was, gas accumulated therein, and in

consequence it was 'marked out' or 'deadlined'; that the plaintiff knew of this and the condition of the place; that Korkille, at the time of the accident, was employed as track man or track layer, and not as fire boss or gas man, and had never been so employed, and that defendant knew this, and also knew that he had never performed such duties; that the pit boss, upon being informed that there was gas in this place, said to the fire boss, in the presence and hearing of the plaintiff, in substance, if there was any gas there to give or better give them, or him, Korkille, a safety lamp, which was done, and at the same time endeavored to procure another safety lamp, which was found to be out of order, whereupon the pit boss said, in substance, go ahead or go on with that one, and that this was all that was said in this connection, this did not make Korkille a fire boss or gas inspector, so as to make his negligence, if the evidence shows such, in inspecting the place and pronouncing it safe, if he did so, the negligence of the defendant."

This request, if it had been granted, would have instructed the jury as to the force that should have been given to a part of the evidence, and was properly refused. So far as correct, it was covered by instructions given, one of which is as follows:

"4. If the jury believe from the evidence that plaintiff knew that the place at which he was directed to work by the pit boss was abandoned as a working place, and that it had been marked out for gas, and knew before he entered such place that the fire boss had reported that there was gas in said place, that thereupon the pit boss had furnished plaintiff or Korkille a safety lamp, not for the purpose of inspecting for gas, as gas man or fire boss, but to work by, and that Korkille, after examining said place, thought the place where they would work was free of gas, and that they could work with open lamp, and that plaintiff, relying upon the judgment and examination of Korkille, went to work in said place with open lamp and gas was set off with the lamp of either, plaintiff can not recover."

Other instructions were asked for by the defendant and refused by the court, but so far as material and correct were included in instructions given.

The evidence was sufficient to sustain the verdict in this court.

Judgment affirmed.